Filed 10/4/16  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E066154 |
| v. | (Super.Ct.No. FRE02066) |
| MUNFORD PAUL WILSON, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Munford Wilson, in pro. per.; and Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On February 13, 1997, a jury convicted defendant and appellant, Munford Paul Wilson, of first degree burglary.  The court thereafter found true allegations defendant

1

had sustained two prior serious felony convictions (Pen. Code, § 667, subd. (a)(i))[1] for first degree burglary and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for first degree burglary. The court sentenced defendant to 35 years to life. On January 8, 2016, defendant filed a petition for resentencing pursuant to section 1170.126. On April 17, 2016, the court denied defendant's petition, finding defendant's commitment offense rendered him ineligible for resentencing and that the petition was untimely.

After defendant filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue: whether a defendant whose third strike is for first degree burglary is eligible for resentencing pursuant to section 1170.126.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends the jury erroneously convicted him of a violent felony by rendering a finding an individual was present in the home at the time he committed the burglary. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# I. FACTUAL HISTORY[2]

The victim was driving home from work at 4:45 p.m. on September 19, 1996. As she approached her home in Redlands, the victim saw defendant riding a bicycle down her driveway. On the handlebars of his bicycle, she saw her brown suitcase with her VCR inside. Her camcorder case was on defendant's right shoulder. The case contained her two video cameras. Her dog was chasing defendant down the driveway. The dog had been secured in the backyard when she left that morning.

The victim followed defendant down the street. She happened to be on her cellular phone with the police when she saw defendant, so she described defendant and the direction of his travel. An officer responded to the call. He saw defendant on a bicycle with the victim following him. The officer ordered defendant to stop, but defendant said, "No, no, no." The officer again ordered defendant to stop, and defendant got off the bike and began running. Defendant dropped the suitcase, camera bag, and a gym bag. The officer chased defendant.

When defendant got off the bicycle, a flashlight fell out of defendant's pocket. When the officer took defendant into custody, he found a white sock and a screwdriver in defendant's pocket. Officers also found gloves in the path defendant took when he was fleeing. The white gloves had rust stains on them.

---

[2] We take judicial notice of our opinion in case No. E020257, defendant's direct appeal from his conviction in the instant case. (Evid. Code, § 459, subd. (a).) We derive our factual history from this opinion.

3

The outside door of the victim's home which led into her bathroom and the door leading from the bathroom to the rest of the house had both been removed from their hinges. Those two doors, the dining room sliding glass door and the kitchen door, had pry marks on them. The victim's jewelry box had been moved from the bedroom to the kitchen table. A tire iron and a rusty pry bar, both of which did not belong to the victim, were found in her backyard, against her house next to the garage.

Officers found shoe prints on the same side of the house where the pry bar was found. The shoe prints matched the shoes worn by defendant. Additionally, some of the pry marks were consistent with having been made by the pry bar, the tire iron, and the screwdriver found on defendant's person. Finally, a pink, heart-shaped sticker was found on the bottom of defendant's shoe. The victim testified that her daughter kept those stickers in her sticker collection between the dining room and living room and that the stickers frequently got on the floor.

On appeal from the judgment, defendant raised two issues: (1) whether the instruction of the jury with CALJIC No. 2.15 providing that the discovery of defendant in conscious possession of recently stolen property could support an inference of defendant's guilt in the crime of burglary if supported by corroborating evidence violated defendant's due process rights; and (2) whether the court erred in using the same prior felony conviction to support one of the prior serious felony allegations and the prior strike conviction allegation. We affirmed.

## II. DISCUSSION

Defendant contends the jury erroneously found a person was present during his commission of the burglary; thus, rendering his offense a violent felony pursuant to section 667.5, subdivision (c)(21) and making him ineligible for resentencing pursuant to section 1170.126.

First, the People never charged, and the jury never found true, any allegation that a person was present when defendant committed the burglary. Indeed, the facts as stated above reflect that the victim was returning home *after* defendant had already committed the burglary. Thus, the issue is irrelevant for purposes of defendant's petition for resentencing. Second, even if the jury had erroneously found a person was present when defendant committed the burglary this would not change the fact that defendant's conviction for first degree burglary would remain a *serious* felony, still rendering him ineligible for resentencing pursuant to section 1170.126, subdivision (b). (§ 1192.7, subd. (c)(1) [burglary of the first degree is a serious felony].) Third, again, even if the jury had erroneously found a person was present when defendant committed the burglary, defendant should have raised the issue in his direct appeal from the judgment. (See *In re Dixon* (1953) 41 Cal.2d 756, 759 ["The general rule is that . . . in the absence of special circumstances constituting an excuse for failure to employ [the proper] remedy, [a subsequent appeal] will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."].) Thus, defendant forfeited the issue by not raising it in his appeal from the judgment.

Here, defendant was ineligible for resentencing because he stood convicted in the instant case of first degree burglary, a serious felony. (§§ 1170.126, subd. (b), 1192.7, subd. (c)(1).) Moreover, defendant failed to file his petition within two years of the effective date of the act, November 7, 2012, and failed to show good cause for filing his petition late. (§ 1170.126, subd. (b).) Thus, the court acted properly by denying defendant's petition for resentencing. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

6